UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 12–1795 DSF (SPx) | Date | 12/7/12 |
| Title | Dee Collins, et al. v. West Coast Ultrasound Institute, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiffs' Motion to Remand (Docket No. 16.)

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7–15. The hearing set for December 17, 2012 is removed from the Court's calendar.

## I. INTRODUCTION

On May 18, 2012, Plaintiff Dee Collins (Collins) filed her original complaint (Original Action) against Defendant West Coast Ultrasound Institute, Inc. (WCUI) in the Superior Court for San Bernardino County, Rancho Cucamonga District. (Docket No. 1, Ex. C.) In her Original Action, Collins alleged various state-law causes of action as well as claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. (Id.) On June 28, 2012, WCUI removed the Original Action to federal court on the basis of federal question jurisdiction.[1]

On July 26, 2012, Collins attempted to file a First Amended Complaint (Original FAC)[2] in the Original Action that omitted her RICO claim, leaving only state claims. (Original Action, Docket No. 17.) On August 3, 2012, the parties filed a stipulation to remand the case to Superior Court. (Original Action, Docket No. 20.) On August 8, 2012, the case was remanded to the Superior Court for San Bernardino County. (Original Action, Docket No. 21.)

On September 17, 2012, Collins filed a First Amended Class Action Complaint (FAC) (Notice of Removal, Ex. A; Docket No. 1) in Superior Court asserting new theories of liability including: (1) fraud and deceit, (FAC ¶¶ 55–62), (2) negligent misrepresentation, (id. ¶¶ 63–66), (3) violation of California

---

[1] The related case number is CV 12–1067 DSF (SPx).

[2] The Original FAC was stricken for failure to file with Local Rule 3–2. (Original Action, Docket No. 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

Business and Professions Code section 17200 *et seq.* (UCL Claims), (id. ¶¶ 67–76), (4) violation of California Business and Professions Code section 17500 *et seq.* (False Advertising Law (FAL) Claims), (id. ¶¶ 77–86), (5) violations of the California Legal Remedy Act (CLRA), (id. ¶¶ 87–101), and (6) violations of section 94700 of the California Education Code, (id. ¶¶ 102–106). WCUI removed the case to this Court on October 17, 2012 on the basis of federal question jurisdiction. (Notice of Removal 2.) On November 16, 2012, Collins moved to remand.

## II.  LEGAL STANDARD

"A state court action may only be removed to federal court if that federal court could have exercised original jurisdiction." Sacks v. Dietrich, 663 F.3d 1065, 1068 (9th Cir. 2011) (citing 28 U.S.C. § 1441(a)). "Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting 28 U.S.C. § 1331). "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." Id. (citation and quotation marks omitted). In this second type of federal question jurisdiction, jurisdiction is proper only if "a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). "Such a federal issue must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" Id. at 1087–88 (quoting Grable, 545 U.S. at 313).

However, "when a claim can be supported by alternative and independent [state and federal] theories federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996). "The removal statute is strictly construed against removal jurisdiction." Id. at 1087 (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)). "The defendant bears the burden of establishing that removal is proper." Id. "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.  DISCUSSION

WCUI asserts that removal was proper because "plaintiff's stated causes of action contain embedded issues of federal law that are crucial to this case." (WCUI Opp'n 4.) In order to find that WCUI's removal is proper, the Court must conclude that "the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." K2 Am. Corp., 653 F.3d at 1029.

### A.   Relevant Allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

In attempting to establish that removal was proper, WCUI[3] identifies three parts of Collins's FAC that it claims implicate federal law. First, WCUI points out that Collins alleges that WCUI "engaged in a pattern of improper and unlawful conduct in order to recruit students and over-charge the federal government for federal financial aid throughout the Class Period," (FAC ¶ 34), and that "[t]he driving force behind [WCUI's] growth and the fuel for its profiteering scheme is Title IV [of the Higher Education Act of 1965 (HEA)] federal financial aid, which accounted for 95% of [WCUI's] revenue in 2011," (id. ¶ 29).

Second, WCUI notes that Collins, in support of the FAC state law claims for fraud and deceit, negligent misrepresentation, UCL violations, FAL violations, and CLRA violations, alleges that WCUI "by failing to provide information substantiating the truthfulness of published placement statistics at or before the time of the potential student's application" violated 20 U.S.C. § 1094(a)(8)[4] and 34 C.F.R. § 668.14(b)(10).[5] (FAC ¶¶ 56(c) & (f), 65(c) & (f), 72(c) & (f), 79(c) & (f), 91(c) & (f)). Collins further

---

[3] WCUI is a for profit entity operating an educational institution named West Coast Ultrasound with campuses in Ontario, California and Beverly Hills, California. (FAC ¶¶ 5–7.)

[4] 20 U.S.C. § 1094(a) explains the requirements for "an institution of higher education or an eligible institution" to be "an eligible institution for the purpose of any program authorized under this subchapter and part C of subchapter I of chapter 34 of Title 42." Section 1094(a)(8) reads:

> In the case of an institution that advertises job placement rates as a means of attracting students to enroll in the institution, the institution will make available to prospective students, at or before the time of application (A) the most recent available data concerning employment statistics, graduation statistics, and any other information necessary to substantiate the truthfulness of the advertisements, and (B) relevant State licensing requirements of the State in which such institution is located for any job for which the course of instruction is designed to prepare such prospective students.

[5] 34 C.F.R. § 668.14 is a Department of Education regulation that enumerates the agreements an institution makes in "entering into a program participation agreement" that is required in order to participate in a Title IV program. Section 668.14(b)(10) reads:

> In the case of an institution that advertises job placement rates as a means of attracting students to enroll in the institution, it will make available to prospective students, at or before the time that those students apply for enrollment—
>
> (I) The most recent available data concerning employment statistics, graduation statistics, and any other information necessary to substantiate the truthfulness of the advertisements; and

# MEMORANDUM

JS 6

alleges that WCUI violated 16 C.F.R. § 254.4(d)[6] "by misrepresenting graduates' career success and salaries." (Id. ¶¶ 56(d), 65(d), 72(d), 79(d), 91(d).) Finally, Collins alleges that WCUI violated 34 C.F.R. § 668.8[7] "by including jobs in placement statistics that were not in the recognized occupation for which students were trained or in a related comparable recognized occupation." (Id. ¶¶ 56(e), 65(e), 72(e), 79(e), 91(e).)

Third, Collins alleges that she and the putative class are entitled to cancellation of their student loans under a federal regulation known as the "Holder Rule," 16 C.F.R. § 433.2. (Id. ¶¶ 52–54.) Specifically, Collins alleges that "PLAINTIFFS may recover all payments they made to the LENDER DEFENDANTS under the Notes and are entitled to cancellation of the Notes and all related obligations." (Id. ¶ 53.)

In support of her state law claims, in addition to her references to federal law, Collins alleges two types of violations of California law — common law fraud and violation of the California Private Postsecondary Education Act of 2009 (PPEA). (Id. ¶¶ 56(a) & (g), 65(a) & (g), 72(a) & (g), 79(a) & (g), 91(a) & (g).) Further, the FAC contains an independent state law claim for violation of the California PPEA[8] without reference to any federal statutes or regulations. (Id. ¶¶ 102–106.)

**B.    Necessary Element**

---

> (ii) Relevant State licensing requirements of the State in which the institution is located for any job for which an educational program offered by the institution is designed to prepare those prospective students;

[6] 16 C.F.R. § 254.4 is a Federal Trade Commission regulation that applies to private vocational and distance education schools. Section 254.4(d) explains that "[i]t is deceptive for an industry member, in promoting any course of training in its advertising, promotional materials, or in any other manner, to misrepresent, directly or by implication, whether through the use of text, images, endorsements, or by other means, the availability of employment after graduation from a course of training, the success that the member's graduates have realized in obtaining such employment, or the salary that the member's graduates will receive in such employment."

[7] 34 C.F.R. § 668.8 is a Department of Education regulation that defines an "eligible program" for the purposes of participation in a Title IV program.

[8] California Education Code Section 94800 *et seq.* Collins cites California Education Code § 94700 *et seq.*, which was repealed by a bill passed in 2004. 2004 Cal. Stat. 93. Collins also specifically refers to Education Code 94832(a), which she claims WCUI violated "by making or causing to be made numerous statements that were untrue or misleading, either by actual statement, omission, or intimidation . . . ." (FAC ¶ 104(a)). Section 94832(a) as amended does not refer to "untrue or misleading statements." The Education Code prohibition on such statements is currently in section 94897. Collins makes similar allegations to superseded Education Code section in her FAC. These allegations properly refer to section 94897. In any event, WCUI does not refer to the Education Code claim in support of its assertion that removal is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

Rains v. Criterion Sys., Inc. is dispositive. Rains considered "whether a plaintiff may allege a violation of Title VII of the Civil Rights Act of 1964's policy against religious discrimination as part of a state law cause of action without converting his claim into a Title VII action or an action that depends on a substantial federal question." 80 F.3d 341–42.

As in the instant case, the Rains plaintiff filed suit based on California state law causes of action while also referring directly to provisions of federal law. Id. at 342–43. The Rains plaintiff brought state law claims for wrongful termination in violation of public policy and intentional interference with contractual relations. Id. at 342. The plaintiff established the basis for his wrongful termination claim by relying, in part, on Title VII as evidence of the "fundamental premises of public policy of the United States and the State of California." Id. at 343 (internal quotation marks omitted). In analyzing whether the plaintiff's claims depended on a substantial federal question, the Ninth Circuit explained:

> Here, Title VII is not a "necessary element" of the state law claim because state law independently espouses the same public policy established by Title VII. Although the complaint refers to Title VII as one basis for demonstrating that there is a public policy against employment discrimination on the basis of religious belief, the complaint also refers to the California Constitution and to the [California Fair Employment and Housing Act], both of which prohibit employment discrimination on the basis of religion.

Id. at 345–46. The Ninth Circuit concluded its analysis by holding that "when a claim can be supported by alternative and independent [state and federal] theories federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346 (noting that the Supreme Court "decided this very issue" in Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)).[9]

As in Rains, Collins alleges only state law causes of action and references federal statutes and regulations as a non-exclusive means of supporting her state law causes of action. Also as in Rains, the sufficiency of Collins's claims does not rest entirely on federal law. As explained above, Rains cites California common law fraud and violation of the California PPEA in support of her state law claims. As her claims "can be supported by alternative and independent [state and federal] theories federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346.

In order for removal to be proper, "the complaint must raise a federal issue embedded in state-law claims that meets the test set forth in Grable." Marinduque, 582 F.3d at 1091 (internal quotation marks omitted). As the FAC does not "necessarily raise a stated federal issue, actually disputed and substantial," Grable, 545 U.S. at 314, removal is improper. WCUI has failed to carry its burden of showing that removal was proper. There is serious doubt that federal jurisdiction is proper here and "where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson, 319 F.3d at 1090.

---

[9] Rains also notes that other circuit courts have concluded that claims like those of the Rains plaintiff's do not give rise to federal question jurisdiction. Id. at 346–47 (citing Mulcahey v. Columbia Organic Chems., 29 F.3d 148 (4th Cir. 1994); Willy v. Coastal Corp, 855 F.2d 1160 (5th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

### IV.  CONCLUSION

For the reasons above, Collins's remand motion is GRANTED.  The case is REMANDED to the Superior Court of California, County of San Bernardino.

IT IS SO ORDERED.